[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 02, 2010
JOHN LEY
ACTING CLERK

No. 09-11189
Non-Argument Calendar

_____

D. C. Docket No. 07-00334-CR-1-MHS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS JUAN SIMON-MARCOS,
a.k.a. Lorenzo Antonio Corona,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 2, 2010)

Before BIRCH, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Carlos Juan Simon-Marcos ("Simon-Marcos") appeals his conviction under 18 U.S.C. § 2250(a) for failing to register in accordance with the Sex Offender Registration Notification Act ("SORNA"). On appeal, Simon-Marcos challenges the validity and applicability of SORNA on various grounds. After reviewing the record and law, we find no error and AFFIRM Simon-Marcos' conviction.

## I. BACKGROUND

In October 2007, a federal grand jury indicted Simon-Marcos on two counts. R1-9. Count One charged Simon-Marcos, a previously deported alien, with being unlawfully found in the United States, specifically Fulton County, Georgia, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Id. at 1. Count Two charged that Simon-Marcos, a convicted sex offender as defined by SORNA, traveled in interstate commerce and knowingly failed to register and update his registration in Georgia, in violation of 18 U.S.C. § 2250. Id. at 1-2.

In June 2008, Simon-Marcos filed a motion to dismiss Count Two in which he alleged the following facts. R1-37. He explained that in 1999, he was convicted in California state court for committing lewd and lascivious acts with a minor. Id. at 2. He participated in California's sex offender registration program and registered as a sex offender six separate times. Id. In 2005, his 1999 probated sentence was revoked, and he was incarcerated until his deportation on 27

September 2006.  Id.  After his deportation, Simon-Marcos was found in Atlanta on 17 August 2007.  Id.  Simon-Marcos said that he never received notice of a requirement to register under SORNA.  Id.

In September 2008, the magistrate judge issued a report that recommended the court deny Simon-Marcos' motion to dismiss.  R2-47.  Ultimately, the district court adopted the magistrate judge's report and recommendation denying Simon-Marcos' motion to dismiss Count Two.  R2-51.  Simon-Marcos subsequently pled guilty to both counts and accepted a plea agreement.  R2-53.  In the plea agreement, Simon-Marcos admitted that he was in fact guilty of the crimes charged in the indictment, but he reserved the right to appeal the denial of his motion to dismiss count two.  Id.  In February 2009, the district court sentenced Simon-Marcos to 60 months of imprisonment on each count to run concurrently.  R2-58 at 2.  Simon-Marcos filed a timely notice of appeal.  R2-59.

## II. DISCUSSION

Simon-Marcos makes five arguments on appeal.  First, he argues that no authority exists to enforce SORNA in states, like Georgia, which have yet to implement the Act.  Second, he contends that his conviction and sentence for failing to register under SORNA are unconstitutional because he never received notice of registration requirements in violation of the SORNA statute itself and

3

procedural due process. Third, he asserts that SORNA is a violation of Congress'

Commerce Clause authority. Fourth, he maintains that SORNA's retroactive

application violates the non-delegation doctrine and the Ex Post Facto Clause.

Finally, fifth, Simon-Marcos submits that his conviction under SORNA is

unconstitutional because it violates his right against self-incrimination under the

Fifth Amendment.

We review a district court's denial of a motion to dismiss an indictment for

abuse of discretion. United States v. Seher, 562 F.3d 1344, 1356 (11th Cir. 2009).

However, we review de novo "issues concerning statutory interpretation and

constitutional law." United States v. Ambert, 561 F.3d 1202, 1205 (11th Cir.

2009).

Simon-Marcos' first four arguments have been previously decided adversely

to him. First, SORNA is enforceable in states which have yet to implement the

Act. See United States v. Brown, 586 F.3d 1342, 1348-49 (11th Cir. 2009).

Second, the failure to be notified of SORNA registration requirements did not

excuse Simon-Marcos' duty to register. See id. at 1350-51. Third, SORNA is not

a violation of Congress' Commerce Clause authority. Id. at 1351 (citing Ambert,

561 F.3d at 1210-12). Fourth, SORNA's retroactive application does not violate

the non-delegation doctrine nor the Ex Post Facto Clause. Ambert, 561 F.3d at

4

1208, 1212-14.

As for Simon-Marcos' fifth argument, that registering as a sex offender would expose him to prosecution for reentry of a previously removed alien under 8 U.S.C. § 1326, we find no Fifth Amendment violation. First, Georgia's sex offender registration statute requires a sex offender to register his: name; social security number; age; race; sex; date of birth; height; weight; hair color; eye color; fingerprints; photograph; place of residence; place of employment; vehicle make, model, color, and license tag number; E-mail address, usernames, and user passwords; the crime which required registration; and the date released from prison. O.C.G.A. § 42-1-12 (a)(16)(A) - (L) (2009). Simon-Marcos cannot show, and does not attempt to show, that anything he would have been required to provide under Georgia's sex offender statute would have confronted him with a substantial hazard of self-incrimination – there are no nationality, visa, or other immigration details required to be submitted.

Second, we rejected a similar argument in United States v. Crawford, 906 F.2d 1531, 1533-34 (11th Cir. 1990), where a defendant argued that his conviction for possessing an unregistered firearm should be set aside because requiring him to register the firearm would violate his privilege against self-incrimination since he was a convicted felon. We held that the firearm registration requirement did not

5

violate the defendant's Fifth Amendment privilege and noted that "there is a difference between using the privilege as a shield against inquisitorial and unfair governmental practices and using it as a sword to carve a path through the law of the land." Id. at 1534 (quotation marks and citation omitted). The cases Simon-Marcos cites in support of his Fifth Amendment argument are distinguishable from the facts here because those cases imposed a disclosure requirement largely designed to discover involvement in criminal activities. See Albertson v. Subversive Activities Control Board, 382 U.S. 70, 77-81, 86 S. Ct. 194, 198-200 (1965) (setting aside order issued by Subversive Activities Control Board requiring petitioners to register under Subversive Activities Control Act of 1950); Haynes v. Unites States, 390 U.S. 85, 100, 88 S. Ct. 722, 732 (1968) (Fifth Amendment privilege provided a valid defense for failing to register a sawed-off shotgun); Marchetti v. United States, 390 U.S. 39, 57-61, 88 S. Ct. 697, 707-09 (1968) (Fifth Amendment privilege provided a complete defense to a prosecution for failure to register and pay tax on wagering); Leary v. United States, 395 U.S. 6, 12-27, 53, 89 S. Ct. 1532, 1535-43, 1557 (1969) (reversing a conviction under Marijuana Tax Act). In contrast, SORNA is not designed to uncover criminal behavior, but is instead intended to protect the public from sex offenders by tracking their interstate movement. See Ambert, 561 F.3d at 1205.

## II. CONCLUSION

Simon-Marcos appeals his conviction under 18 U.S.C. § 2250(a) for failing to register in accordance with the Sex Offender Registration Notification Act. We hold: (1) Georgia's failure to implement SORNA did not affect Simon-Marcos' duty to register as a sex offender under SORNA; (2) the government did not violate SORNA or Simon-Marcos' due process rights because sufficient circumstances should have prompted Simon-Marcos to inquire into his duty to register; (3) SORNA's registration requirement and penalty provision constitute a proper exercise of Congress's Commerce Clause power; (4) the retroactive application of SORNA does not violate the non-delegation doctrine nor the Ex Post Facto Clause; and (5) SORNA's registration requirement did not violate Simon-Marcos' Fifth Amendment right against compelled self-incrimination. Accordingly, Simon-Marcos' conviction is **AFFIRMED**.